BUILDING INSPECTOR OF SEEKONK *vs.* GEORGE D. AMARAL & another. March 10, 1980. 1. The master's findings established that the use made of the specified portion of lot 134 in 1958 was not different in nature, purpose, quality, character, or effect on the neighborhood (see *Selectmen of Blackstone* v. *Tellestone,* 4 Mass. App. Ct. 311, 313-315 [1976]) from the use made of the same portion in 1942, the year Seekonk's first zoning by-law was adopted. As in *Powers* v. *Building Inspector of Barnstable,* 363 Mass. 648, 659-660 (1973), there was "a difference in degree of such use, but not in the quality or character thereof." The use to which that portion was put in 1958 was thus a lawful use under the 1942 by-law. It therefore became a protected nonconforming use under the 1958 by-law, which superseded the earlier by-law and provided that ". . . any lawful use of land . . . which is not an authorized use in the district in which it is located by virtue of the adoption or subsequent amendment of this by-law is a non-conforming use and may be continued." It follows that the judgment is erroneous in limiting the lawful capacity of the defendants' junkyard to "four or five cars," the highest number in process of disassembly in 1942. 2. No other error in the judgment has been shown. The defendants' assertion that their post-1973 use "is of the same nature except that it is quieter and involves no burning" is at variance with the master's findings concerning the expansion of the use, both in terms of area and in terms of commercial activity. 3. The judgment is modified by striking the words "four or five" in the paragraph numbered two, and, as so modified, the judgment is affirmed. No party is to have costs of appeal.

*So ordered.*

The case was submitted on briefs.
*Edward Roster* for the defendants.
*James Goldberg* for the plaintiff.